HARTZ, Circuit Judge,
concurring:
The district court’s critique of plea bargaining would give pause to any thoughtful person. But I agree with the opinion of Judge Holmes that the district court committed legal error in its opposition to appellate waivers. I write separately to focus on one error, the assessment that the earlier judicial approval of such waivers has been undermined by the transformation of the Sentencing Guidelines from mandatory to advisory under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which was accompanied by the adoption of abuse-of-discretion review.
Booker has not led to a sea change in appellate review of district-court sentencing. About the only ways in which appellate review has become more stringent since that decision is that we now review (1) whether the district court adequately explained why it imposed a sentence outside the guidelines range and (2) whether the sentence was substantively reasonable. Yet reversal on the first ground is unusual and easily cured; and, at least in this circuit, reversal on the second ground is even rarer. Eliminating the possibility of such reversal through an appellate waiver is hardly sufficiently significant to require judicial re-examination of appellate waivers. Moreover, apparently most appellate waivers are like the one in this case in that they do not apply to challenges to sentences outside the guidelines range and therefore do not restrict the new avenues of review.